UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YVONNE SOSTAND, | ) | |
| | ) | |
| Plaintiff, | ) | 21 C 1732 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| DELIONTE N. WEST, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Yvonne Sostand filed this suit in the Circuit Court of Cook County, Illinois, on April 20, 2020, alleging that Delionte West negligently crashed his car into hers on April 13, 2018. Doc. 1-1. West removed the suit under the diversity jurisdiction, Doc. 1, and now moves under Civil Rule 12(b)(6) for dismissal on statute of limitations grounds, Doc. 5. The motion is granted.

As a procedural matter, although West styles his motion under Rule 12(b)(6), a Rule 12(c) motion would have been more appropriate because timeliness is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1) (listing "statute of limitations" as an affirmative defense); *Richards v. Mitcheff*, 696 F.3d 635, 637-38 (7th Cir. 2012) ("A plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings under Rule 12(c). This comes to the same thing as a dismissal under Rule 12(b)(6), and opinions, including some by this court, often use the two interchangeably. But in principle a complaint that alleges an impenetrable defense to what would otherwise be a good claim should be dismissed (on proper motion) under Rule 12(c), not Rule 12(b)(6)."); *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 n.1 (7th Cir. 2012) ("Though district courts have granted

1

Rule 12(b)(6) motions on the basis of affirmative defenses and this court has affirmed those dismissals, we have repeatedly cautioned that the proper heading for such motions is Rule 12(c), since an affirmative defense is external to the complaint."). But West's technical error does not doom his motion, for "if it is plain from the complaint that the defense is indeed a bar to the suit[,] dismissal is proper without further pleading." *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 383 (7th Cir. 2010); *see also Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016) ("[D]ismissal is appropriate [under Rule 12(b)(6)] *only* when the factual allegations in the complaint unambiguously establish all the elements of the defense.") (citation omitted); *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014) ("[A] motion to dismiss based on failure to comply with the statute of limitations should be granted only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.") (quotation marks omitted).

It is plain from Sostand's complaint that her claims are barred on limitations grounds. State law governs the accrual date and limitations period for a state law claim. *See Springman v. AIG Mktg., Inc.*, 523 F.3d 685, 688 (7th Cir. 2008) ("If state law governs the statute of limitations defense, as it normally will in a diversity case, it makes sense to defer to the state law's determination of when a claim accrues … ."). The relevant state law is that of Illinois because this suit was removed from Illinois state court and neither party argues choice of law. *See Jackson v. Bank of Am. Corp.*, 711 F.3d 788, 791 (7th Cir. 2013).

Under Illinois law, "[a]s a general rule, a cause of action for personal injuries accrues when the plaintiff suffers injury." *Golla v. Gen. Motors Corp.*, 657 N.E.2d 894, 898 (Ill. 1995). Illinois has a two-year statute of limitations for personal injury claims. 735 ILCS 5/13-202. The complaint alleges that Sostand suffered injuries in a car crash on April 13, 2018. Doc. 1-1 at

¶¶ 5-9. So that is when her claim accrued, and she had two years from that date to file suit. She did so on April 20, 2020, a week after the limitations period expired. *Id*. at p. 5.

Sostand does not (and could not) dispute this analysis. Instead, she argues that the statute of limitations should be equitably tolled because her counsel contracted COVID-19 on April 10, 2020, three days before the limitations period expired. Doc. 9 at ¶¶ 8-9; *see also* Doc. 12-1 at 1-2. A party opposing dismissal under Rule 12 may present additional facts in her opposition brief so long as those facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). The court therefore credits as true Sostand's assertion that her counsel fell ill with COVID-19 three days before the statute of limitations expired.

Illinois law governs the application of equitable tolling. *See Hollander v. Brown*, 457 F.3d 688, 694 (7th Cir. 2006) ("Like the statute of limitations itself, rules that are an 'integral part of the statute of limitations,' such as tolling and equitable estoppel, are treated as substantive for purposes of the *Erie* doctrine.") (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752 (1980)). "While equitable tolling is recognized in Illinois, it is rarely applied." *Am. Family Mut. Ins. Co. v. Plunkett*, 14 N.E.3d 676, 681 (Ill. App. 2014). "Equitable tolling of a statute of limitations may be appropriate if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way, or if the plaintiff has mistakenly asserted his or her rights in the wrong forum." *Clay v. Kuhl*, 727 N.E.2d 217, 223 (Ill. 2000).

Only the second circumstance listed in *Clay*—some "extraordinary" barrier to Sostand's timely "asserting … her rights"—could even potentially include her counsel's unfortunately timed illness. But Illinois courts apply that circumstance narrowly: "Extraordinary barriers

3

include legal disability, an irredeemable lack of information, or situations where the plaintiff could not learn the identity of proper defendants through the exercise of due diligence." *Thede v. Kapsas*, 897 N.E.2d 345, 351 (Ill. App. 2008). Counsel's illness in the waning days of the limitations period, though regrettable, does not match any of those scenarios. Indeed, Sostand has not identified a single Illinois case applying equitable tolling based on an attorney's illness—let alone at the very end of the limitations period—and neither has the court.

Moreover, it was Sostand's lack of diligence (actually, her counsel's) that ultimately caused the missed deadline. This is significant, as "[e]quitable tolling requires a showing of due diligence on the part of the plaintiff." *In re Est. of Mondfrans*, 9 N.E.3d 1, 5 (Ill. App. 2014). Sostand cannot make that showing. She had two years to file suit, and even drawing all reasonable inferences in her favor, she would have met that deadline has she not waited until the very last minute to do so.

In *Spears v. City of Indianapolis*, 74 F.3d 153 (7th Cir. 1996), the party opposing summary judgment failed to timely file his opposition papers because of a "catastrophic computer failure" on the date of the deadline. *Id.* at 156. The district court rejected the late filings, and the Seventh Circuit affirmed, reasoning:

> Although we are sympathetic with the circumstances of Spears' problems—he alleged a computer breakdown in his office on the due date—it seems to us that the problem was really that he waited until the last minute to get his materials together. Spears apparently neglected the old proverb that "sooner begun, sooner done." When parties wait until the last minute to comply with a deadline, they are playing with fire.

*Id.* at 157. *Spears* is not controlling because it applied federal rather than Illinois law. But it is persuasive and instructive, particularly given a recent Illinois case, albeit from outside the equitable tolling context, expressing the same sentiment. *See Bentley v. Hefti*, 34 N.E.3d 598,

4

602 (Ill. App. 2015) ("A party is not entitled to emergency *ex parte* relief simply because he waited until the last minute to put together a pleading.").

Like Spears's counsel, Sostand's counsel should have started work on the six-page complaint well before April 10, 2020. He was "playing with fire" by waiting so long, and his failure to exercise due diligence resulted in Sostand getting burnt. *See Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 538 (7th Cir. 2011) ("Yancick's counsel took a huge risk by waiting until the last minute to file his motion for leave to file a response with excess pages."); *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010) (holding that a habeas petitioner was not entitled to equitable tolling because he "waited almost a year" to file his state court post-conviction petition, thus failing to demonstrate the requisite diligence and "extraordinary circumstances"); *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984) ("[E]quitable tolling is to be restricted and reserved only for situations in which the claimant … has been prevented in some extraordinary way from filing his complaint in time. The reason for the delay in this case was characterized by the district court as '[t]he desire to wait until the last day possible' …, and the court ruled that such a reason 'simply does not suffice.' We agree.") (citations omitted). It would be unfair to West, who is entitled to rely upon and invoke the statute of limitations, to forgive the risk that Sostand ran in waiting until the last minute to bring this extremely straightforward suit. As the Seventh Circuit has explained:

> [Equitable tolling] is, after all, an equitable doctrine. It gives the plaintiff extra time if [she] needs it. If [she] doesn't need it there is no basis for depriving the defendant of the protection of the statute of limitations. Statutes of limitations are not arbitrary obstacles to the vindication of just claims, and therefore they should not be given a grudging application. They protect important social interests in certainty, accuracy, and repose. … We should not trivialize the statute of limitations by promiscuous application of tolling doctrines.

*Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452-53 (7th Cir. 1990); *see also M.E.H. v. L.H.*, 685 N.E.2d 335, 339 (Ill. 1997) ("[O]nce a statute of limitations has expired, the defendant has a vested right to invoke the bar of the limitations period as a defense to a cause of action.").

West's motion to dismiss is granted. The dismissal is with prejudice, as Sostand does not request leave to amend, and in any event the court can discern no amendment that would cure the flaw in her claim. *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018) ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects. To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing."); *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015) ("A district court acts within its discretion in … dismissing a complaint with prejudice … when the plaintiff fails to demonstrate how [an] amendment would cure the deficiencies in the prior complaint."). Judgment will be entered in West's favor and against Sostand.

May 17, 2021

_____
United States District Judge